

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-0377-24 & PD-0378-24

## THE STATE OF TEXAS

### v.

## ERIK RODRIGUEZ, Appellee

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTH COURT OF APPEALS
## BEXAR COUNTY

**FINLEY, J., filed a concurring opinion.**

## <u>CONCURRING OPINION</u>

This is a plain view case. Law enforcement seized Appellee's cell phone, which led to his prosecution for child pornography. The trial court suppressed the evidence obtained from law enforcement's subsequent search of the phone. On appeal, the court of appeals held that the trial court did not abuse its

discretion in its ruling. In doing so, the court of appeals erred twice. First, by applying the wrong standard of review. Second, in the conclusion it reached. I agree with the Court's decision to reverse the court of appeals. However, I disagree with the Court's reasoning. Consequently, I respectfully concur.

## I. Analysis

### a. Motions to Suppress

I agree with the Court's conclusion that the court of appeals applied the wrong standard of review. Maj. Op. at 5. A trial court's ruling on a motion to suppress is reviewed for abuse of discretion standard. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). While we afford "almost total deference" to a trial court's ruling on "application of law to fact questions"— also known as "mixed questions of law and fact"—when resolving those questions turns on the evaluation of credibility and demeanor, *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997), we review *de novo* those questions that do not, *id*. Here, because resolving the trial court's ruling does not turn on questions of credibility and demeanor, the court of appeals should have applied *de novo* review. The Court concludes the same and, therefore, reaches the correct conclusion on the threshold issue regarding the appropriate standard of review in this case.

### b. Plain View Doctrine

However, the Court errs in its plain view analysis. The question is not whether Detective Jackson "only needed probable cause to associate Appellee's personal cell phone with criminal activity," Maj. Op. at 7; the proper question is whether the "incriminating nature" of the cell phone in Appellee's hand was "immediately apparent" when Detective Jackson made contact with him, *Horton v. California*, 496 U.S. 128, 136 (1990) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 466 (1971)). It was.

At the time Detective Jackson seized the cell phone, she knew the following information: (1) there was only one personal cell phone number listed in San Antonio Police Department's records for Appellee; (2) that cell phone number received text messages and CashApp transactions from Gonzalez; (3) the text messages and corresponding payments reflected that Appellee had sent Gonzalez confidential information in exchange for payment; (4) Appellee was holding a cell phone in his hand when he encountered Detective Jackson, at his police station, while he was on the way to morning roll call.

The court of appeals' opinion, in essence, would require Detective Jackson to know that the phone Appellee had on him was the same phone he used to communicate with Gonzalez. This level of certainty is not required for probable cause. Detective Jackson knew that Appellee's phone would likely

contain incriminating information—in the form of text messages and payments—and she encountered him at his police station, on the way to roll call, with a phone in his hand. A person "of reasonable caution" in Detective Jackson's position would believe that the phone Appellee was holding contained incriminating information. *Texas v. Brown*, 460 U.S. 730, 742 (1983). On this record, Detective Jackson had sufficient probable cause to meet the "nondemanding" requirements of the plain view doctrine. *Foreman v. State*, 613 S.W.3d 160, 164 (Tex. Crim. App. 2020). Accordingly, Detective Jackson's seizure of the cell phone was lawful.

## II.  Conclusion

Applying the proper *de novo* standard of review, the incriminating nature of Appellee's cell phone was "immediately apparent" at the time of its seizure. I agree with the Court's judgment to reverse the court of appeals and remand this case to the trial court for further proceedings. I do not join the Court's reasoning. Therefore, I respectfully concur.

**Filed: May 14, 2025**
**Do Not Publish**